IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Donald Sylvester, #24064-265,            )
                                          )        C.A. No. 1:20-2346-HMH-SVH
              Petitioner,                 )
                                          )        **OPINION & ORDER**
       vs.                                )
                                          )
Warden of Federal Correctional           )
Institution–Williamsburg,                 )
                                          )
              Respondent.                 )

       This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local

Civil Rule 73.02 of the District of South Carolina.[1]  Donald Sylvester ("Sylvester"), a pro se

federal prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.  In her Report and

Recommendation filed on January 22, 2021, Magistrate Judge Hodges recommends dismissing

Sylvester's petition without prejudice for lack of jurisdiction and denying Respondent's motion

for summary judgment as moot.  (R&R, ECF No. 30.)

       Sylvester filed objections to the Report and Recommendation.  Objections to the Report

and Recommendation must be specific.  Failure to file specific objections constitutes a waiver

of a party's right to further judicial review, including appellate review, if the recommendation is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber, 423
U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those
portions of the Report and Recommendation to which specific objection is made.  The court
may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate
judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Sylvester's objections are nonspecific, unrelated to the dispositive portions of the Report, or merely restate his claims.  However, the court was able to glean one specific objection.  Sylvester objects to the magistrate judge's recommendation that Sylvester cannot satisfy the second prong of the 28 U.S.C. § 2255 savings clause test.  (Objs. 1-3, ECF No. 32.)

A federal prisoner may challenge the legality of his conviction under § 2241 if the prisoner can demonstrate that § 2255 is inadequate or ineffective to test the legality of the conviction.  See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (citing 28 U.S.C. § 2255).  To demonstrate that § 2255 is inadequate or ineffective to test the legality of the conviction, the petitioner must satisfy the savings clause test, which requires that

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 33-34.  If the petitioner cannot satisfy the savings clause test, the court lacks jurisdiction to consider the petition.[2]  United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018).

---

[2] "In evaluating substantive claims under the savings clause, . . . [courts] look to the substantive law of the circuit where a defendant was convicted."  Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019) (citations omitted).  Thus, the court will apply the procedural law of the Fourth Circuit, which includes the jurisdictional savings clause test.  Additionally, because

On September 10, 2007, a jury in the Eastern District of Louisiana "convicted Sylvester on multiple felony counts, all stemming from the same factual matrix of murder and narcotics trafficking." United States v. Sylvester, 583 F.3d 285, 288 (5th Cir. 2009); United States v. Sylvester, No. 2:04-094-MLCF-SS-1 (E.D. La. 2004).[3] Under Count 11, Sylvester was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g). United States v. Sylvester Criminal Action No. 04–094, 2012 WL 3990288, at *2 n.4 (E.D. La. Sept. 11, 2012) (unpublished). Sylvester was sentenced to life imprisonment on Counts 1, 4, and 5-9, a term of 360 months on Count 2, a term of 240 months on Count 3, and a term of 120 months on Count 11, the felon in possession of a firearm conviction at issue in the instant § 2241 petition. Sylvester, 2012 WL 3990288, at *1. The Fifth Circuit affirmed his conviction and sentence on September 18, 2009. Sylvester, 583 F.3d at 295.

Sylvester sought relief pursuant to 28 U.S.C. § 2255, alleging ineffectiveness of counsel. Sylvester, 2012 WL 3990288, at *3. On September 11, 2012, the district court denied Sylvester's motion. Id. at *17. Sylvester filed the instant § 2241 petition on June 17, 2020, challenging the validity of Count 11 based on Rehaif v. United States, 139 S. Ct. 2191 (2019).

In Rehaif, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a

---

Sylvester was convicted in the Eastern District of Louisiana, the court will apply the substantive law of the Fifth Circuit.

[3] This court may take judicial notice of the prior case. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

firearm." 139 S. Ct. at 2200. In his objections, Sylvester argues that he has been convicted of a "nonexistent offense" because under <u>Rehaif,</u> "conduct under [§] 922(g) is not criminal unless [the Government could] prove that a defendant knew that he was prohibited from possessing a firearm." (Obj. 2, ECF No. 32.) This is a misinterpretation of the law. Under <u>Rehaif</u>, the government must only establish that Sylvester knew of his "relevant status" (that he is a convicted felon), not that he knew that he was specifically prohibited from possessing a firearm. <u>See Rehaif</u>, 139 S. Ct. at 2194; <u>United States v. Lavalais</u>, 960 F.3d 180, 184 (5th Cir. 2020). For this court to have jurisdiction over Sylvester's petition, the conduct of which Sylvester was convicted must be "deemed not to be criminal[.]" <u>See In re Jones</u>, 226 F.3d at 334.

The Fifth Circuit has not directly addressed, in the context of § 2241 petitions, whether <u>Rehaif</u> changed the substantive law such that the conduct of which a prisoner was convicted was deemed not to be criminal.[4] In his objections, Sylvester relies on Respondent's argument that in <u>United States v. Staggers</u>, 961 F.3d 745, 754 (5th Cir. 2020), the Fifth Circuit held that <u>Rehaif</u> changed the substantive law such that the conduct of which Sylvester was convicted is no longer criminal. However, the Fifth Circuit did not make such a holding in <u>Staggers</u>. <u>See Staggers</u>, 961 F.3d at 754-56 (holding, on plain error review, that "[o]mitting the knowledge-of-felon-status element did not affect [defendant's] substantial rights," where "the jury was told that [defendant] was convicted in state court for possession of cocaine with intent

---

[4] This is due to the Fifth Circuit's limited application of the savings clause in petitions brought pursuant to § 2241. <u>See</u>, <u>e.g.</u>, <u>Reyes-Requena v. United States</u>, 243 F.3d 893 (5th Cir. 2001) ("[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.").

to distribute and that he was convicted in federal court for conspiracy to distribute cocaine").

After review, the court finds that Sylvester "has failed to show that, following <u>Rehaif</u>, the

conduct of which he was convicted is no longer criminal under § 922(g)." <u>Midkiff v. Warden,</u>

<u>FCI-Edgefield,</u> No. 8:19-CV-2656-TMC, 2020 WL 3651591, at *5 (D.S.C. July 6, 2020)

(unpublished) (applying Fifth Circuit law in finding that a petitioner was unable to satisfy the

second prong of the savings clause test ).  Consequently, Sylvester has not satisfied the second

prong of the savings clause test and the court lacks jurisdiction.

In the alternative, even if the savings clause test were met, the court finds that Sylvester

has failed to establish he is entitled to habeas relief under Fifth Circuit substantive law.  As the

magistrate judge correctly noted, Sylvester "does not allege, argue, or present evidence that he

was unaware of his status as a convicted felon."  (R&R 14, ECF No. 30.)  Thus, Sylvester's

<u>Rehaif</u> claim is without merit.

Further, even if Sylvester had alleged he was unaware of his status, the Fifth Circuit has

stated:

> Convicted felons typically know they're convicted felons. And they know the
> Government would have little trouble proving that they knew. So it is hard to
> imagine how their conviction or guilty plea was prejudiced by any error under
> <u>Rehaif</u>. As Justice Alito put it: "Juries will rarely doubt that a defendant
> convicted of a felony has forgotten that experience, and therefore requiring the
> prosecution to prove that the defendant knew that he had a prior felony
> conviction will do little for defendants." <u>Rehaif</u>, 139 S. Ct. at 2209 (Alito, J.,
> dissenting).

<u>Lavalais</u>, 960 F.3d at 184; <u>see also</u> <u>Staggers</u>, 961 F.3d at 754-56.  The evidence before the court

established that Sylvester knew he was a convicted felon when he possessed the firearm on June

4, 2003.  At trial, Sylvester stipulated that he on "June 4, 2003, had been convicted of crimes . .

. punishable by imprisonment for terms exceeding one year" which were "felony offenses and,

therefore, [] Sylvester was prohibited under both Louisiana and federal law from possessing a firearm." <u>Sylvester</u>, 2:04-094-MLCF-SS-1, (Appeal Transcript 16-17, ECF No. 286).  This stipulation strongly suggests that Sylvester was aware of his status.  <u>United States v. Raymore</u>, 965 F.3d 475, 485 (6th Cir. 2020) (noting that "jury could infer from [defendant's] stipulation to his prior felony conviction the requisite knowledge of his status for a § 922(g)(1) violation" (citing <u>United States v. Conley</u>, 802 F. App'x 919, 923 (6th Cir. 2020) (unpublished) (noting that while a stipulation to a prior felony "does not automatically establish knowledge of felony status, *it is strongly suggestive of it*") (emphasis added)).  Sylvester further testified that he had three felony drug convictions, that he was a "three-time loser," and that he spent almost three years in prison for one of his prior convictions.  <u>Sylvester</u>, 2:04-094-MLCF-SS-1(Appeal Transcript 205, 255, ECF No. 288; Appeal Transcript 11-13, 65, ECF No. 292).  Therefore, because Sylvester was aware of his felony status, his <u>Rehaif</u> claim fails on the merits. Accordingly, after review, the court adopts Magistrate Judge Hodges' Report and Recommendation and incorporates it herein by reference.

Therefore, it is

**ORDERED** that Sylvester's petition, docket number 1 and 6, is dismissed without prejudice for lack of jurisdiction.  It is further

**ORDERED** that Respondent's motion for summary judgement, docket number 22, is denied as moot.  It is further

**ORDERED** that a certificate of appealability is denied because Sylvester has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).[5]

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
February 9, 2021

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure

---

[5] District courts must issue certificates of appealability when entering "a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Cases.  These rules may be applied to other types of habeas corpus petitions.  Rule 1(b), Rules Governing § 2254 Cases.

7